| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. TOWNSEND, | ) 1:10-cv-1969  GSA |
| | ) |
| | ) ORDER REGARDING STATUS |
| Plaintiff, | ) CONFERENCE |
| | ) |
| v. | ) |
| | ) AMENDED SCHEDULING CONFERENCE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ORDER |
| | ) |
| | ) (Document 15) |
| | ) |
| Defendant. | ) |
| | ) |

**INTRODUCTION**

The Court held a conference to determine the status of this case. Plaintiff, Richard Townsend ("Plaintiff") appeared pro se and Lynn Harada appeared on behalf of Defendant, Commissioner of Social Security ("Defendant"). Both parties appeared via telephone.

Plaintiff indicated that he still wishes to pursue his case but requested additional time to obtain an attorney. The Court granted Plaintiff's request and will allow Plaintiff an additional sixty days to file his opening brief. Accordingly, the scheduling order issued on October 21, 2010 (Doc. 7), is modified as follows :

////

## I. **Plaintiff's Opening Brief**

Plaintiff's opening brief is due no later than **October 31, 2011**. Plaintiff *must* serve a copy of the opening brief (and all other filings) on all the attorneys listed for defendant on the court docket of the case at the addresses noted on the court docket.

Plaintiff *must* also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

>Office of the Clerk
>United States District Court
>Eastern District of California
>2500 Tulare Street, Suite 1501
>Fresno, CA 93721

Plaintiff's opening brief *must* contain the following:

(1) a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

(2) a summary of the administrative proceedings before the Social Security Administration;

(3) a summary of the relevant testimony at the administrative hearing;

(4) a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

(5) a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

(6) a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

(7) argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact *must* be accompanied by citations to the administrative record.  Argument in support of each claim of error *must* be supported by citation to legal authority and explanation of the application of such authority to the

facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes null and void and is not considered by the Court for any purpose.

**Plaintiff is advised that failure to timely file an opening brief will result in dismissal of the action.**

### II. Defendant's Brief

Defendant's responsive brief is due filed and served on plaintiff within **thirty (30) days** from the date of service of plaintiff's opening brief on defendant.

### III. Plaintiff's Reply Brief

Plaintiff may file a reply brief, but is not required to do so, within **fifteen (15) days** from the date defendant served its responsive brief on plaintiff.  Plaintiff *must* serve a copy of the reply brief on defendant by serving the United States Attorney for the Eastern District of California at the address in Fresno, California, noted above.  Plaintiff *must* also file the original reply brief, together with a copy at the Court's address in Fresno, California, noted above.  Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

### IV. Motion to Dismiss

In some cases, instead of serving and filing an administrative record, defendant may file a motion to dismiss the case pursuant to Fed.R.Civ.P. 12., within **one hundred twenty (120) days** from the date defendant is served with plaintiff's complaint.[1]

Plaintiff may oppose a motion to dismiss by filing and serving opposition to the motion within **fourteen (14) days** from the date the motion to dismiss was served on plaintiff, and should be titled "Opposition to Defendant's Motion to Dismiss."  <u>See</u> Local Rule 230(c).

The Court will consider a motion to dismiss only after receiving opposition from plaintiff, or after the time for filing opposition has passed.  In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to

---

[1] In this case, the Administrative Record has already been filed so this section may not be applicable to Plaintiff's case.  However, the Court is including this information so that the Plaintiff has all of the available information contained in this Court's initial scheduling order presented to him.

3

proceed to file the administrative record, attempt informal resolution, and file briefs; or, (2) grant the motion to dismiss, and dismiss all or part of the case.

### V.    The Court's Decision on the Merits

The Court will consider the merits of the case only after <u>all</u> briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

### VI.    Summary of Deadline Calculations

| Plaintiff's Opening Brief | **October 31, 2011** |
|---|---|
| Defendant's Brief | due **30** days after plaintiff's opening brief filed |
| Plaintiff's Reply Brief - optional | due **15** days after defendant's brief filed |

### VII.    Rules for Litigating the Action

Plaintiff is informed of the following:

A.    In litigating this action, the parties *must* comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

Local Rule 206 is a special rule for Social Security actions.  Specifically (a)(2) and (3) generally states that complaints *shall* contain the last four digits of plaintiff's Social Security number *only*, i.e., XXX-XX-1234, and that plaintiff shall privately disclose to defendant, within **five (5) days** after a request is made to plaintiff, the full Social Security number of plaintiff. Therefore, plaintiff shall refrain from disclosing the entire Social Security number on any filings.

<u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>.  <u>See</u> Local Rule 110; Fed.R.Civ.P. 41(b).

B.    Documents intended to be filed with the Court *must* be mailed to the Clerk of the Court in Fresno, California, at the address noted above.  <u>See</u> Local Rule 134(a).  <u>All documents</u>

4

inappropriately mailed directly to a judge's chambers will be stricken from the record.  A document requesting a court order *must* be styled as a motion, not a letter.  See Fed.R.Civ.P. 7.

      C.      Each document submitted for filing *must* include the original signature of the filing party or parties.  Local Rule 131; Fed.R.Civ.P. 11(a).  All documents submitted without the required signature(s) will be stricken.  Each separate document *must* be separately stapled.  See Local Rule 130.  If a document is stapled behind another document, it will not be filed and will not enter the court docket.

      D.      All documents filed with the Court *must* be submitted with an additional legible copy to be conformed for the Court's use.  See Local Rule 133(d)(2).  A document submitted without an extra copy for the Court's use will be stricken.  If the filing party wishes the Court to return a file-stamped copy, an additional copy *must* be provided for that purpose (i.e., an original and two copies, one for the Court's use and one to be returned to the filing party), together with a self-addressed, stamped envelope.  The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis.  Copies of documents from the Court's file may be obtained in the Clerk's Office at the cost of fifty ($.50) cents per page.

      E.      After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court *must* include a proof of service stating that a copy of the document was served on the opposing party.  *See* 28 U.S.C. § 1746; Fed.R.Civ.P. 5; Local Rule 135.  **A document submitted without the required proof of service will be stricken.**  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

      F.      A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address.  If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If plaintiff's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

1  Here, Plaintiff advised the Court that his address is 2100 Virgilia Lane, Olivehurst,
2 California 95961. His phone number is listed on the docket as (530) 742-3929. **If this**
3 **information is not correct, Plaintiff shall immediately contact Courtroom Deputy Amanda**
4 **Bradley at (559) 499-5962.** Failure to correct Plaintiff's contact information may result in
5 dismissal of this action pursuant to Local Rule 183(b) as outlined listed above.
6  G. Finally, at the status conference, Plaintiff was advised that this case was
7 improperly filed in the Fresno Division of the United States District Court, Eastern District of
8 California. Because Plaintiff resides in Olivehurst, California, which is located in Yuba County,
9 venue is proper in the Sacramento Division of this Court. However, all parties agreed that it
10 would be more efficient for case management purposes if this Court retains jurisdiction to ensure
11 that the briefing schedule is completed. Upon the filing of the briefs, this case will likely be
12 transferred to the United States District Court, Eastern District of California, Sacramento.

24  IT IS SO ORDERED.
25  Dated: __September 1, 2011__          _____/s/ Gary S. Austin_____
                                          UNITED STATES MAGISTRATE JUDGE